IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>                *Plaintiffs,*<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C. 20530<br><br>                *Defendant.* | Case No. XXXXX |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against DEFENDANT DEPARTMENT OF JUSTICE ("DOJ" or "the Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

      1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of certain records related to the Foreign Agent Registration of John Buretta ("Buretta") and Cravath, Swain & Moore ("Cravath") for work on behalf of Burisma Holdings Limited ("Burisma"). *See* Plaintiffs' FOIA Request, FOIA/PA #24-296 (Mar. 27, 2024) ("Request" or "Plaintiffs' FOIA Request") (Ex. 1).

### PARTIES

      2.     Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan

1

public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, https://www.heritage.org/about-heritage/mission (last visited May 31, 2024). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

3. Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means to best inform the public and Congress for the purposes of Congressional oversight. "The requests and analyses of information are informed by Heritage's deep policy expertise. By its nature, the Oversight Project is primarily engaged in disseminating information to the public." Oversight Project, https://www.heritage.org/oversight (last visited May 31, 2024); Oversight Project (@OversightPR), X (last visited May 31, 2024), https://twitter.com/OversightPR. Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4. Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is to "uphold the rule of law, to keep our country safe, and to protect civil rights." About DOJ; Our Mission, https://www.justice.gov/about (last visited May 31, 2024).

5. The Department of Justice, National Security Division ("NSD") is a component of the Department of Justice whose mission statement is to "to protect the United States from threats to our national security by pursuing justice through the law." National Security Division;

Mission, https://www.justice.gov/nsd (last visited May 31, 2024).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

8. Plaintiffs submitted their FOIA request on March 27, 2024.

9. The Request sought records relating to Foreign Agent Registration for John Buretta. Request at 1.

10. Specifically, the Request sought: "All communications between DOJ's Foreign Agents Registration Act Unit ("FARA Unit") and any person from Cravath, Swain & Moore ("Cravath") relating to John Buretta ("Buretta") and Burisma Holdings Limited ("Burisma") [and] All communications regarding Burisma between DOJ's FARA Unit and Buretta or Buretta's attorney." Request at 1. The Request limited applicable custodians to "include, but . . . not limited to, Assistant Attorney General Matthew G. Olsen, the DOJ FARA Unit, and Sophia Tawil." *Id.* The time period for this request is January 1, 2016 to the present. *Id.*

11. The Request sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Request was to allow Heritage to gather information on a matter of public interest for (among other things) use by authors of its publication, *The Daily Signal*, which is a major news outlet. *Id.* at 3.

12. The Request also sought production of records in partial responses as soon as they became available. *Id.*

13. NSD acknowledged receipt of the Request on May 14, 2024. *See* Letter to Mike

3

Howell from Arnetta Mallory (May 14, 2024) ("Acknowledgment Letter" or "Ack. Ltr.") (Ex. 2). The Acknowledgment Letter stated NSD received the Request on April 12, 2024. Ack. Ltr. at 1.

## THE REQUEST FOR EXPEDITED PROCESSING

14. The Request sought expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv), because records relating to FARA Registration for work for Burisma and the agreement reached with Cravath are important issues in the investigation of Hunter Biden and the House of Representatives' impeachment inquiry. The factual and legal basis for the Application was explained in a four-page submission.

15. In support of its request for expedited processing, the Request attached three appendices totaling 104 pages that included a copy of the FARA Registration form with Buretta and Cravath, a compilation of news articles, and a copy of the transcript from the Hunter Biden Plea Agreement hearing. The foregoing coverage was "widespread and exceptional" and surfaces "questions about the Government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

16. NSD has not made a determination on Plaintiffs' request for expedited processing.

## DEFENDANT'S CONSTRUCTIVE DENIAL

17. According to the NSD's FOIA Tracking System, NSD received the Request on April 12, 2024, and assigned the Request the tracking number FOIA/PA #24-296.

18. On May 7, Plaintiffs emailed NSD to get an update on the status of the Request. *See* Email Correspondence with NSD (May 7, 2024) (Ex. 3). The Division did not respond to that email.

19. On May 14, Plaintiffs called NSD and left a voicemail. That same day, NSD responded and emailed the Acknowledgment Letter.

20. Defendant has not made a determination on the Request.

21. Defendant has not ruled on the expedited processing request.

22. Defendant has not ruled on the fee waiver request.

23. Plaintiffs have not received any further communications on the Request since May 14, 2024.

24. Twenty working days from April 12, 2024, is May 10, 2024.

## FIRST CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
**Failure to Conduct Adequate Searches for Responsive Records**

25. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

26. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

27. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

28. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

29. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

30. Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

31. Plaintiffs have a statutory right to the information they seek.

32. Defendant is in violation of FOIA.

33. Plaintiffs are being irreparably harmed by reason of Defendant's violation of

FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

34. Plaintiffs have no adequate remedy at law.

35. Plaintiffs have constructively exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

36. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

37. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

38. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

39. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

40. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

41. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

42. Defendant's failure to provide all non-exempt responsive records violates FOIA

6

and DOJ regulations.

43. Plaintiffs have a statutory right to the information they seek.

44. Defendant is in violation of FOIA.

45. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

46. Plaintiffs have no adequate remedy at law.

47. Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

48. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

49. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

50. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

51. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. § 16.10(k).

52. The Request does not have a commercial purpose because Heritage is a 501(c)(3)

nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

53. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

54. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

55. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

56. Plaintiffs have a statutory right to a fee waiver.

57. Defendant is in violation of FOIA by denying a fee waiver.

58. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

59. Plaintiffs have no adequate remedy at law.

60. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

61. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

8

62. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

63. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

64. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

65. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

66. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

67. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

68. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

69. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to

comply with the law.

70. Plaintiffs have no adequate remedy at law. Plaintiffs have constructively exhausted their administrative remedies.

**FIFTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

71. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

72. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines, at 4 (Mar. 15, 2022).

73. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

74. Plaintiffs properly asked that FBI expedite the processing of Plaintiffs' FOIA Request, based upon Plaintiffs' showing that the Request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions that affect public confidence in the Government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

75. Defendant refused to expedite Plaintiffs' FOIA Request, contrary to the factual and legal showing Plaintiffs made demonstrating their entitlement to expedition.

76. Defendant is in violation of FOIA.

77. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

78. Defendant failed to actually expedite Plaintiffs' FOIA Request.

79. Plaintiffs have no adequate remedy at law.

80. Plaintiffs have exhausted all required administrative remedies with respect to Defendant's failure to make a determination on Plaintiffs' request for expedition.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis;

B. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C. Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

E. Retain jurisdiction over this matter as appropriate;

F. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G. Grant such other and further relief as this Court may deem just and proper.

Dated: May 31, 2024

Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY (No. 999979)
Chambers of Samuel Everett Dewey, LLC

Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone: (202) 617-6975
Email: Dan.Mauler@heritage.org

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone: (202) 608-6060
Email: Kyle.Brosnan@heritage.org

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone: (606) 275-0978
Email: neal@cornettlegal.com

MAX TAYLOR MATHEU
(No. 90019809)
Telephone: (727) 249-5254
Email: maxmatheu@outlook.com

*Counsel for Plaintiffs*